UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

SHIREEN KHAN,

                 Defendant.

**MEMORANDUM AND ORDER**

20-CR-443 (LDH)

L<small>A</small>S<small>HANN</small> D<small>E</small>A<small>RCY</small> H<small>ALL</small>, United States District Judge:

      Shireen Khan ("Defendant") is charged with one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Defendant moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12.

## BACKGROUND

      Defendant is a citizen of Guyana. (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem."), Ex. A ("Def.'s Affidavit") ¶ 1, ECF No. 27-3.) In or about 2002, Defendant entered the United States. (*Id.* ¶ 3.) Several years after her arrival to the United States, on March 20, 2006, Defendant pleaded guilty to two separate counts of attempted grand larceny in the third degree in violation of New York Penal Law § 110-155.35. (*Id.*, Ex. B ("Criminal Court Records").) Defendant was sentenced on both counts on April 11, 2006. (*Id.*) Subsequent to Defendant's convictions, the Immigration and Naturalization Service served Defendant with a Notice to Appear dated June 6, 2006 ("2006 NTA"), stating that Defendant was subject to removal and that a removal hearing would be set. (*Id.*, Ex. E ("2006 NTA") at 1.) The 2006 NTA states that it was served in person and bears Defendant's signature. (*Id.*) Further, the 2006 NTA does not list the date or time of Defendant's removal hearing. (*Id.*)

      By notice dated July 7, 2006, the immigration court set Defendant's removal hearing for September 22, 2006, and included the address for the New York City immigration court where

the hearing was to be held. (*Id.*, Ex. F ("Hearing Notice").) The Hearing Notice was addressed to Defendant and listed an address for her. (*Id.*) Defendant appeared for the September 22, 2006 hearing, at which time she was told to again report for a hearing on November 27, 2006. (EARM Case Comments, ECF No. 40-3.) Defendant did not appear for the second hearing, and the immigration court ordered Defendant to be removed in absentia to Guyana. (Def.'s Mem., Ex. F ("Order of Removal"), ECF No. 27-3.) Specifically, the removal order stated that the immigration judge found "removability established" because Defendant "admitted the factual allegations in the Notice to Appear and conceded removability" at a prior hearing. (*Id.*)

Over the next several years, Defendant litigated the potential rescission of the June 2006 in abstentia removal order to no avail. (Def.'s Mem. at 6, ECF No. 27-2.) On May 12, 2017, Defendant was removed from the United States to Guyana. (Def.'s Mem., Ex. L ("Warrant of Removal"), ECF No. 27-4.) At some point, Defendant re-entered the United States, and she was subsequently indicted for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(1). (Indictment, ECF No. 6).

## DISCUSSION

In order to prove Defendant guilty of illegal reentry, the government must prove that Defendant reentered the United States after "having been arrested and deported." *United States v. Paredes-Batista*, 140 F.3d 367, 376 (2d Cir. 1998) (citing 8 U.S.C. § 1326). Defendant argues that the government cannot sustain its burden of proving Defendant was deported because Defendant's prior deportation was invalid. (Def.'s Mem. at 7.) Specifically, Defendant contends

that because the 2006 NTA did not include a time and place for her removal hearing, the immigration court lacked jurisdiction to order her removal. (*See generally id.*)

## I. Section 1326(d)

As a threshold matter, the Government argues that collateral attacks on removal orders must be analyzed under the framework established by 8 U.S.C. § 1326(d). (Gov.'s Opp'n at 9, ECF No. 29.) For context, Section 1326(d) provides that, in criminal proceedings charging a defendant for illegal reentry, the defendant may not challenge the validity of a prior deportation order unless the defendant can show: (1) she exhausted her administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings improperly denied the defendant an opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). Defendant disputes that this framework applies, maintaining that "because the putative removal order in her case was a legal nullity," there is "no order to collaterally attack[.]" (Def.'s Reply at 1 n.1, ECF No. 33-1.)[1] Courts are divided on whether collateral attacks raising the jurisdictional challenge Defendant asserts here must be analyzed under Section 1326(d), and the Second Circuit has not yet provided guidance on this issue. *See, e.g.*, *United States v. Pszeniczny*, 384 F. Supp. 3d 353, 362 (E.D.N.Y. 2019) (applying Section 1326(d) in similar context and noting division among district courts on this issue); *United States v. Benitez-Dominguez*, 440 F.Supp.3d 202, 207 (E.D.N.Y. 2020) (noting split and determining that Section 1326(d) applies in this context).

Ultimately, if Section 1326(d) applies, Defendant must establish all three requirements promulgated by the section to succeed in her motion to dismiss. When applying Section 1326(d)

---

[1] In support of this argument, however, Defendant cites to only one out-of-circuit case in support that has since been overturned on appeal and is awaiting en banc review by the Ninth Circuit. (Def.'s Reply at 1 n.1 (citing *United States v. Muniz-Sanchez*, 388 F. Supp. 3d 1284 (E.D. Wash. 2019), *reversed by United States v. Baste-Hernandez*. 3 F.4th 1193, 1196–98 (9th Cir. 2021), *rehearing granted*, 20 F. 4th 1230.)

3

to jurisdictional challenges based on defective NTAs, courts analyze whether the immigration court lacked jurisdiction when determining whether the entry of the removal order was "fundamentally unfair" under Section 1326(d)(3)—the third prong.  *See, e.g.*, *Pszeniczny*, 384 F. Supp. 3d at 362; *Benitez-Dominguez*, 440 F.Supp.3d at 207.  Because Defendant advances no additional bases for her removal hearing being "fundamentally unfair" other than a purported lack of jurisdiction, the Court need only consider the first two 1326(d) prongs if Defendant's argument has merit.  That is, if the Court finds that the immigration court had jurisdiction over Defendant's removal hearing, Defendant cannot meet the requirements of Section 1326(d) nor can she otherwise prevail on her motion to dismiss.  Put another way, regardless of whether Section 1326(d) applies, Defendant cannot prevail on her motion to dismiss if the Court finds Defendant's underlying argument to be without merit.

## II. Immigration Court's Jurisdiction

By way of background, "[n]onpermanent residents . . . who are subject to removal proceedings and have accrued 10 years of continuous physical presence in the United States, may be eligible for a form of discretionary relief known as cancellation of removal."  *Pereira v. Sessions*, 138 S. Ct. 2105, 2109 (citing 8 U.S.C. § 1229b(b)(1)).  Under what is known as the stop-time rule, "that period of continuous physical presence is 'deemed to end . . . when the [individual] is served a notice to appear under section 1229(a).'"  *Id.*  In other words, once an individual receives a notice to appear, the accrual period to be eligible for cancellation of removal is stopped.  Pursuant to 8 U.S.C. § 1229(a), a notice to appear must include, inter alia, "[t]he time and place at which the [removal] proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  A notice to appear that does not include the time and location for a removal hearing does not trigger the stop-time rule. *Pereira*, 138 S. Ct. at 2113–14, 2117 (holding that the stop-time rule applies only if the Government serves a notice to appear in accordance with or

according to the substantive time-and-place requirements set forth in § 1229(a)). As such, an individual who receives such deficient notice to appear can continue to accrue time to be eligible for cancellation of removal until the individual receives a notice of appearance that comports with the requirements of 8 U.S.C. § 1229(a).

Since *Pereira*, litigants have argued—as Defendant argues here—that a notice to appear lacking a time and location for a removal hearing is insufficient to vest the immigration court with jurisdiction over the removal hearing. However, the Supreme Court was clear in *Pereira* that it was addressing only the "narrow[] question" of whether a "notice to appear that does not specify the time and place at which the proceedings will be held . . . trigger[s] the stop-time rule." *Id.* at 2113 (internal quotation marks omitted). Indeed, in *Banegas Gomez v. Barr*, the Second Circuit rejected the argument advanced by Defendant here. 922 F.3d 101 (2d Cir. 2019). In *Banegas Gomez*, the Second Circuit held that "[a notice to appear] that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the [individual]." *Id.* at 112.

Defendant previously contended that the Supreme Court's decision in *Niz-Chavez v. Garland* overturned *Banegas Gomez*. (Def.'s Mem. at 12, 17–21.) That is not so. Indeed, Defendant now concedes that the Second Circuit's holding in *Chery v. Garland* forecloses the argument she first advanced. (Def.'s Reply at 5.) In *Niz-Chavez*, the court was faced with the narrow question of whether a notice to appear that did not contain the date and location of the removal hearing coupled with a later-served notice of hearing with the date and location of the hearing could trigger the stop-time rule under the Immigration and Nationality Act. 141 S. Ct. 1474, 1479 (2021). The Supreme Court held that the government must serve an individual with

5

a *single* document containing the information required by 8 U.S.C. § 1229(a)(1) to stop the clock for an individual's eligibility for cancellation of removal. *Id.* at 1486. *Niz-Chavez* "focused only on the stop-time rule in 8 U.S.C. § 1229b(d)(1) and did not address the effect of a defective NTA on an [Immigration Judge's] jurisdiction." *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021). *Banegas Gomez* remains good law. *Id.*

It is true that Defendant's 2006 NTA did not contain a date and location for Defendant's removal hearing. Defendant, however, subsequently was served with a notice of hearing containing a date and location for her hearing, and appeared at that hearing.[2] Under the Second Circuit's holding in *Banegas Gomez*, Defendant's argument that the Immigration Court lacked jurisdiction over her prior removal proceedings is without merit.[3] Accordingly, Defendant's motion to dismiss the indictment is denied.

---

[2] Defendant does not contend that she was not served with the 2006 Hearing Notice but notes that the notice itself does not state how or when it was served. (Def.'s Mem. at 3.) Upon review, the Hearing Notice includes a mailing address for Defendant, the same address where she was later apprehended by ICE officials in February of 2008 and that she has referred to as "her house." (Def.'s 2014 Affidavit ¶¶ 4, 5, Gov.'s Ex. D, ECF No. 40-4; Def.'s 2006 Affidavit at 2, Def.'s Ex. A, ECF No. 40-1.) And, Defendant admits that she attended the September 22, 2006 hearing, during which she received oral notice of the November 2006 hearing. (*Id.*; *see also* Def.'s Mem. at 3.) Accordingly, the record establishes that Defendant received a notice of hearing sufficient to cure any jurisdictional defect in her initial NTA.

[3] Defendant further argues that the Second Circuit in both *Banegas* and *Chery* did not address whether Pub. L. No. 104-209, Div. C, § 309(c)(2), provides an additional basis for finding the requirements of 8 U.S.C. § 1229 to be jurisdictional. (Def.'s Reply at 5–6.) Pub. L. No. 104-209, Div. C, § 309(c)(2) is a transitional provision that "temporarily allowed the Attorney General to start removal proceedings under either the old procedure (with an order to show cause and a notice of hearing) or the new procedure (with a single notice to appear)" that was to go into effect in 1997. *United States v. Lira-Ramirez*, 951 F.3d 1258, 1262 (10th Cir. 2020). The transitional provision required the notice to appear to include the same information required by 8 U.S.C. § 1229. Pub. L. No. 104-209, Div. C, § 309(c)(2). Notably, Defendant points to no case law supporting her conclusion that Section 309(c)(2) can be read to mean that an immigration court lacks jurisdiction to hear a case unless an individual is served with a single document containing the information required by 8 U.S.C. § 1229(a). Indeed, as Defendant concedes, the only court in this circuit to consider this argument reached the opposite conclusion. *See United States v. Suquilanda*, No 21-cr-263, 2021 WL 4895956 (S.D.N.Y. Oct. 20, 2021) ("The Court is not persuaded that the existence of the transitory Session Law – no matter if overlooked by the Second Circuit – provides the 'statutory glue' . . . to make Section 1229(a)'s requirements jurisdictional."). In any event, the Second Circuit has made clear that an "NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the [individual]." *Banegas Gomez*, 922 F.3d at 112. Accordingly, Defendant's argument to the contrary is without merit.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment is DENIED.

                SO ORDERED.

Dated: Brooklyn, New York        /s/ LDH
    October 3, 2023          LaSHANN DeARCY HALL
                 United States District Judge